## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

JAN 3 0 2004

Michael N. Milby, Clerk of Court

| | |
|---|---|
| SUBSEA INSTALLATION TEAM, INC. and MICHAEL ARNING,<br><br>      Plaintiffs,<br><br>v.<br><br>MILFORD LAY, JR. and GREGORY J. LANDRY,<br><br>      Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

CIVIL ACTION NO. H-03-4971

## ORDER

This is a suit for damages and declaratory and injunctive relief filed by Plaintiffs Subsea Installation Team Inc. and Michael Arning (collectively, "Plaintiffs") claiming that Defendants Milford Lay, Jr. and Gregory J. Landry unlawfully converted, patented and commercialized a "sub sea well head cap" that Arning contends he conceived of and invented. Defendants contend that they invented and had the right to patent the device.

The Court has before it Plaintiffs' Motion for Leave to Amend Complaint [Doc. # 13] and Plaintiffs' Motion to Compel [Doc. # 12], which Defendants oppose. *See* Docs. ## 19 and 18, respectively. The Court also has before it "Motion by Defendants, Appearing Specially Herein, to Dismiss Under Rule 12(b)(2) and (3)" [Doc. # 3], which Plaintiffs oppose. *See* Docs. ## 4, 6, 8, 9, 10, 11, 20 and 21.

#24

Plaintiff's request to file an amended complaint is granted. Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607-08 (5th Cir. 1998). The Fifth Circuit has concluded that Rule 15(a) "evinces a bias in favor of granting leave to amend." *Goldstein v. MCI WorldCom*, 340 F.3d 248, 254 (5th Cir. 2003) (citations omitted). If the district court lacks a "substantial reason" to deny leave, its discretion is not broad enough to permit denial. *Lyn-Lea*, 283 F.3d at 286; *Lone Star Ladies Invest. Club v. Schlotzky's Inc.*, 238 F.3d 363, 367 (5th Cir. 2001) (denying leave to amend absent articulable reason is an abuse of discretion); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). Although it is local practice to file a copy of the proposed pleading with the motion seeking leave, this is not an absolute requirement. It is very early in this case and no legally cognizable prejudice arises from allowing Plaintiffs to amend.

Plaintiffs also move to compel [Doc. # 12] Defendants to participate in discovery in this case while Defendants' motion to dismiss or, alternatively, to transfer is pending. The initial pretrial conference in this case has not yet occurred. However, immediate commencement of discovery is appropriate in this case and Plaintiffs' motion to compel is **granted in part**. Due to the extremely large number of cases recently filed in this District, the initial pretrial conference has been delayed longer than usual in this Court. Also, Defendants' motion to dismiss includes extensive affidavits that Plaintiffs are entitled to challenge. The Court exercises its discretion to permit commencement of discovery by the

2

parties at their option. *See* FED. R. CIV. P. 26(d) ("Except . . . when authorized under these rules or *by order* or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).") Whether the parties have meaningfully conferred or not is immaterial at this point. The parties are to make complete initial disclosures on or before February 16, 2004. Thereafter, written discovery may be served and depositions may be noticed and conducted. Plaintiffs' requests in their Motion to Compel to deem objections waived and for a hearing are **denied**. Defendants' "Counter-Motion for Sanctions against Plaintiffs" [Doc. # 18-2] is **denied**.

The parties are advised that the Court has reviewed Defendants' motion to dismiss. One thing is clear: The case will be transferred, if the motion is granted in any respects. Where a court lacks personal jurisdiction over a defendant, transfer of the action to an alternative forum where personal jurisdiction and venue may exist is appropriate under § 1406(a). *Bentz v. Recile,* 778 F.2d 1026, 1027 (5th Cir. 1985); *accord Corke v. Sameiet M. S. Song of Norway*, 572 F.2d 77, 7980 (2d Cir. 1978) (and cases cited therein); *see Dubin v. United States*, 380 F.2d 813, 815 (5th Cir.1967) (transfer pursuant to § 1406(a) may be appropriate "whenever there exists an 'obstacle [to] . . . an expeditious and orderly adjudication' on the merits. Inability to perfect service of process on a defendant in an otherwise correct venue is such an obstacle") (quoting *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913 (1962)). *See also Ellis v. Great Southwestern Corp.,* 646 F.2d 1099, 1109 (5th Cir.1981) ("'§ 1406(a) provides the basis for any transfer made for the purpose of

avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought. That defect may be either improper venue or lack of personal jurisdiction'") (citations omitted).[1]

It is therefore

**ORDERED** that Plaintiffs' Motion for Leave to Amend Complaint [Doc. # 13] is **GRANTED**. The amended complaint must be filed on or before **March 26, 2004**. It is further

**ORDERED** that Plaintiffs' Motion to Compel [Doc. # 12] is **GRANTED in part and DENIED in part.** Discovery may be propounded by a party after initial disclosures are served by that party. Deadlines are set forth above. Plaintiffs' requests to deem objections waived and for a hearing are **DENIED**. It is further

**ORDERED** that Defendants' "Counter-Motion for Sanctions against Plaintiffs" [Doc. # 18-2] is **denied**. It is further

**ORDERED** that Defendants' "Motion to Strike Plaintiffs' 'Supplemental Memorandum' and 'Sur-reply' to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Venue" [Doc. # 20] is **DENIED**.

---

[1]      Transfer is limited to a court in which the action "could have been brought." Transfer to an appropriate federal judicial district in Louisiana would serve the ends of justice, if there is no personal jurisdiction over Defendants in this Court and if venue is improper here under 29 U.S.C. § 1391. Defendants' contention that 28 U.S.C. § 1400 applies is unfounded. Plaintiffs do not sue for patent infringement, which is what that venue provision relates to.

SIGNED at Houston, Texas, this 28 day of January, 2004.

NANCY F. ATLAS
UNITED STATES DISTRICT JUDGE