Law Office of
# LEMOINE & ASSOCIATES
*Limited Liability Company*
_____

406 Audubon Boulevard
Lafayette, Louisiana 70503
Telephone:  (337) 233-6200
Fax:  (337) 233-6521

**Joseph L. Lemoine, Jr.**
**Registered Patent Attorney**

Joe@Lemoine.com
http://joe.lemoine.com

United States Courts
Southern District of Texas
FILED

OCT 3 1 2005

Michael N. Milby, Clerk

October 14, 2005

Nancy F. Atlas, District Judge
Attention: Ms. Sheila Ashabranner
United States District Court
Southern District of Texas
515 Rusk Street, Room 9015
Houston, Texas 77002

RE:     Subsea Installation Team, Inc. and Michael Arning
         versus Milford Lay, Jr. and Gregory J. Landry
         U.S.D.C., Southern District of Texas, Houston Division
         Civil Action No. H-03-4971

Dear Judge Atlas:

The hearing set for October 11th was continued at request of Plaintiffs (**Mr. Arning** being out of the country on a job and that date being inconvenient for him to return).  Said hearing was continued to October 27th. We respectfully suggest that date is inconvenient for **Mr. Landry** and, as we show herein, his attendance at the hearing is completely unnecessary. Accordingly we respectfully request that either **Mr. Landry's** presence at the hearing be excused or the hearing be rescheduled for some other time.

At this time, **Mr. Landry** is currently in charge of supervising the operation of some 30 air-boats contracted to **Entergy** and **FEMA** for recovery from the widespread devastation caused by Hurricane Katrina (to Southeastern Louisiana) and Hurricane Rita (to Southwestern Louisiana). His supervision of these air-boats is critical to success of their essential mission.  It should not be interrupted without very good cause.  No such cause exists regarding **Mr. Landry.**

As we show, **Mr. Landry** has done everything that could be reasonably required of him, and even more, to close the case.  He has executed everything necessary, given executed documents to me, and I am prepared to deliver them to **Mr. Hong** when **Mr. Hong** is prepared to deliver his set of documents to me.  You are respectfully requested to consider:

1.     In the last telephone conference, **Mr. Hong** made a big issue over the fact that **Mr. Landry** had not personally executed the February 18, 2005 Settlement Agreement. **Mr. Hong's** tempestuous objection in said regard had no merit.  **Mr. Lay** had executed said

1

agreement as agent for Mr. Landry. *Nevertheless Mr. Landry has now personally executed said agreement himself (see Exhibit 1 hereto).*

2.      At the last telephone conference, Mr. Hong made a big issue over the fact that Mr. Landry had not signed some paper showing Mr. Lay had authority to execute the February 18, 2005 agreement for Mr. Landry. Mr. Hong's demanded that Mr. Landry execute such a paper has no merit in view of the fact: a) Mr. Landry had already personally signed the "Release" (4. below) and b) has also signed the February 18, 2005 Settlement Agreement itself (1. above). *Nevertheless Mr. Landry has now personally executed the "Acknowledgment of Authority" requested by Mr. Hong, see Exhibit 2.*

3.      At the last hearing, Mr. Hong made a big issue over the fact that Mr. Landry's signature on an "averment" to the patent assignment papers was not before a Notary Public. Mr. Landry is not an owner of the '923 patent. DSSI is. That being so, Mr. Landry need not sign anything at all concerning the assignment from DSSI to Arning - much less sign before a Notary Public - as Mr. Hong petulantly demanded. *Nevertheless, Mr. Landry has now personally executed the requested averment and done so before a Notary Public; see Exhibit 3 hereto.*

4.      Mr. Hong currently requests that Mr. Landry execute an "Acknowledgment of Previously Executed Mutual Release". *Mr. Landry has done so (see Exhibit 4 hereto).*

5.      Mr. Hong currently requests Mr. Landry execute a "Release" in favor of Plaintiffs. This is another of Mr. Hong's petulant demands. This document is unnecessary in view of 4. above. *Nevertheless, Mr. Landry has executed same (see Exhibit 5 hereto).*

Mr. Landry having done the above, there is no more Mr. Landry should or could be required to do to close this case.

Mr. Landry is paying no money in settlement. DSSI is. Accordingly, the absurd "stale-check" issue (which Mr. Hong complains of - after petulantly delaying closure of the case eight months) does not involve Mr. Landry.

Mr. Landry is not assigning the '923 patent. DSSI is. Mr. Hong demanded Mr. Landry execute an attachment to the assignment and do so under oath. Same was not required by law or the February 18, 2005 Settlement Agreement. Nevertheless, Mr. Landry has done as requested. Any further dispute over the assignment (and I know of none) would not involve Mr. Landry.

Mr. Landry is not being granted a license to the '923 patent. Arning is granting a license to DSSI. Accordingly, if there is dispute over the wording of the license, Mr. Landry is not involved in said dispute.

In settlement, Mr. Landry is giving/getting no more than a release of claims. He is not giving or getting money, patent assignments, licenses or otherwise.

To "give" Plaintiffs a release, Mr. Landry has executed at least four different documents:  the February 18, 2005 Settlement Agreement itself (1. above), the "Acknowledgment of Authority" (2. above), the "Acknowledgment of Previously Executed

Mutual Release" (4. above) and the "Release" (5. above).

There is, therefore, nothing further Mr. Landry can or should be reasonably required to do to close this case. Under the circumstances, he should not be required to discontinue his contributions to hurricane recovery efforts to attend the hearing on October 25, 2005. We respectfully request Mr. Landry's attendance at the October 27, 2005 hearing be excused or same continued to a date convenient for all parties, not just Mr. Arning, to attend.

Respectfully submitted,

JOSEPH L. LEMOINE, JR.

JLL:jbb

Enclosures

cc:    Mr. C. Charles Dippel w/ Enclosures
       Mr. Anthony W. Hong w/ Enclosures
       Clerk of Court w/Enclosures (for filing into record)

3

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

SUBSEA INSTALLATION TEAM, INC. §
AND MICHAEL ARNING §
**Plaintiff(s)** §
§
**vs.** § H-03-4971
§
MILFORD LAY, JR. AND GREGORY J.§
LANDRY §
**Defendant(s)** §

## SETTLEMENT AGREEMENT

1. The parties hereto agree to settle all claims and controversies between them, asserted or which could be asserted in this case.

2. The consideration to be given for this agreement is as follows:
   (a) ~~Subsea Installation Team, Inc.~~ *and michael Arning* shall receive the sum of $ _50,000 oo_ U.S. Dollars, ~~on or~~ *in good funds* ~~approval of consent adjudication before if consent~~ which sum will be paid by the following parties in the amount stated: _DSSI_.

3. The above styled and numbered case shall be resolved by an agreed Order of Dismissal with Prejudice with taxable Court costs including mediation fee *paid by the parties incurring same*

4. The parties agree to release and discharge each other from any and all claims, demands or suits, known or unknown, fixed or contingent, liquidated or unliquidated whether or not asserted in the above case, as of this date, arising from or related to the events and transactions which are the subject matter to this case *as well as any and all other matters, claims, demands, etc. arising out of or related in any way to alleged acts, omissions or transgressions in the past, in whole or part, including claims against customers for TA past, in whole or part, including claims against customers for TA Caps purchased in the past, or other devices, including wash tool and wellhead clamp.* *manufacturers, sellers, resellers, distributors for TA Co.*

*, suppliers, manufacturers, sellers, re-sellers, distributes*

This mutual release runs to the benefit of all attorneys, agents, employees, officers, directors, shareholders, partners, affiliates, successors and assigns of the party. "Party" as used in the release includes all named parties to this case.

5. The parties hereto agree that all terms of settlement are confidential except as to spouse (if any), financial advisor, properly served subpoena and Court Order *or as to any necessary filings with the US Patent Office.*

6. Each signatory hereto warrants and represents that he or she has authority to bind the parties for whom that signatory acts and that the claims, suits, right and/or interests which are the subject matter hereto are owned by the party asserting same, have not been assigned, transferred or sold and are free of encumbrance.

7. ~~Defendant's~~ *Plaintiff's Counsel* shall deliver drafts of any further settlement documents to the other party by ~~_____~~ *3/1/05*. The parties agree to cooperate with each other in the drafting and execution of such documents as are reasonably requested or required to implement the terms and spirit of this agreement. The fact that further settlement documents are contemplated does not in any way effect the binding nature of this agreement between the parties.

8. If a dispute arises with regard to the interpretation and/or performance of this agreement or any of its provisions, the parties agree to attempt to resolve same by phone conference with the Mediator who facilitated this settlement. If the parties cannot resolve their differences by telephone conference, then each agrees to schedule a day of mediation with the Mediator within thirty (30) days to resolve the disputes and to share the costs of the same equally. If a party refuses to mediate, then that party may not recover attorney's fees or costs in any litigation brought to construe or enforce this agreement. Otherwise, if mediation is unsuccessful, the prevailing parties shall be entitled to recover reasonable

attorney's fees and expenses, including the cost of the successful mediation.

9. Other terms of this settlement

are: See Exhibit "A" _____

_____

_____

_____

10. This agreement is made and performable in ~~Harris~~ County, Texas, and shall be

construed in accordance with the laws of the State of Texas.

11. **Each signatory to this settlement has entered into same freely without duress after**

**having consulted with professionals of his/her choice. Each signatory expressly**

**warrants and represents that no promise or agreement which is not herein**

**expressed has been made to him/her in executing this Agreement and that no one**

**who is a party hereto is relying upon any statement or representation of any agent**

**of the parties being released hereby. Additionally each party hereto is relying on**

**his/her own judgment and each has been represented by legal counsel in this matter.**

**The parties represent that their respective counsel has read and explained to**

**him/her the entire contents of this agreement as well as its legal consequences. Each**

**party hereto has been advised by the mediator that the mediator is not the attorney**

**for any party.**

12. **NOTWITHSTANDING ANYTHING ELSE CONTAINED IN THIS**

**AGREEMENT, THE PARTIES HERETO INTEND TO BE BOUND BY THIS**

**AGREEMENT AND IT IS BINDING UPON ALL OF THEM.**

13. **THE PARTIES AGREE THAT THIS AGREEMENT IS MADE PURSUANT TO SECTION 154.071 OF THE CIVIL PRACTICE AND REMEDIES CODE AND IS NOT SUBJECT TO REVOCATION.**

SIGNED THIS _18th_ day of _February_, 2005.

Plaintiff(s)

_____

Approved Attorney for Plaintiff(s)

_____

Milford Fay, Greg Landry
DSSI

_____
by Milford Fay

Defendant(s)

GERARD COUREVILLE
_____

Approved Attorney for Defendant(s)

CL Duippel for Gerald Coureville
_____

Attorney for DSSI, Fay/Land.

Joe Fewser

AGREED/ADOPTED
NOW, September _____, 2005
FOR February 18, 2005

AGREED/ADOPTED
NOW, September _21_, 2005
FOR February 18, 2005

GREGORY J. LANDRY

SUBSEA INSTALLATION TEAM, INC.
By: Michael D. Arning
Its duly authorized president

4

Exhibit "L"

1. Parties agree ~~to~~ ~~filing~~ to cooperate in the of all documentation necessary with the US Patent Office to have the names of the inventor on Patent Number ~~6/13/901~~ 6,615,923 ('923) changed to Milford Lay, Jr., Gregory J. Landry and Michael Arning. DSSI agrees to assign its interest in the '923 patent to ~~SIT and Arning~~. [The power is before Lay & Landry etc] [entire right & interest]

2. Michael Arning ~~and SIT~~ shall have exclusive ownership rights in the '923 patent, whether by assignment or license.

3. ~~SIT~~ ~~Arning~~ ~~both~~ agree to give a non-exclusive license to DSSI to use the '923 patent; however, DSSI agrees to only sell the cap ~~or product~~ made the subject of the '923 patent to Kerr-McGee. DSSI shall not have the right to grant any sub-license of the '923 patent. DSSI agrees to pay ~~SIT~~ Arning a royalty of $500.00 for each cap sold. Said royalty payment will be due and payable to ~~SIT~~ Arning at the time DSSI forwards an invoice on the same to Kerr-McGee. Any patent, subsequently issued to Michael Arning and/or SIT shall not negate [the] license right granted herein (in other words DSSI may sell to Kerr-McGee even if other patents issued Arning might otherwise bar such sales).

4. ~~The~~ parties agree not to re-sell ~~any check paid~~ ~~receive~~ any cap belonging to ~~the other~~ if the same is in its possession.

5. Fees, if any, owed to Mr. Lawson and Mr. Bean will be paid by Defendants, as FOLLOWS: BEAN, by Coumble, not to exceed $850; LAWSON, by other Defendants, ~~not to exceed~~ ~~$~~ 517.54.

6. ~~DSS~~ ~~agrees~~ agrees to provide ~~Amira~~ with an accounting certified by a CPA annually ~~simple~~ to reflect all caps sold. If ~~Amira~~ ~~objects~~ to this accounting it may select one CPA firm from a choice of six to review said audit. The decision of ~~that~~ CPA firm will be final and binding on the parties. If ~~DSS~~ is in error, it will be responsible for the cost of said audit and any payments to ~~SS~~. If the ~~DSS~~ accounting was correct, then ~~Amira~~ ~~firm~~ will be responsible for the payment of said audit. The list of 6 CPA firms will be mutually agreed on selected by future lawsuit.

7. The parties agree that Judge Atlas shall retain jurisdiction over the settlement agreement of this lawsuit.

All parties agree to return all "confidential" documents to the owner or destruction certified as the owner may elect.

8. Plaintiffs will amend complaint to more clearly reflect that Plaintiffs' claim contains allegations that Plaintiffs allege liability of DSSI, Lon, Conder for publication of oral or written statements/ materials which disparage TA Caps & Arning/SIT.

9. The parties will move the court for consent decree: USPTO will be ordered to correct inventorship to reflect that
   a. Arning is a co-inventor pursuant to the patent;
   b. His name was excluded from '923 without deceptive intent.
   c. '923 is valid and enforceable
   d. no deceptive, intentional or willful acts by any party.



**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **SUBSEA INSTALLATION TEAM, INC. and MICHAEL ARNING** § | |
| § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | **CIVIL ACTION NO. H-03-4971** |
| § | |
| § | |
| **MILFORD LAY, Jr. and GREGORY J. LANDRY** § | |
| § | |
| § | |
| Defendants. § | |

## ACKNOWLEDGMENT OF AUTHORITY

I, Gregory J. Landry, hereby acknowledge that Milford W. Lay, Jr. ("Lay") attended the February 18, 2005 mediation held in the above captioned case as my representative, with full authority to execute the February 18, 2005, Settlement Agreement appended hereto as Exhibit A on my behalf, and that Mr. Lay's signature on said Settlement Agreement binds me to the terms of said Settlement Agreement that by their terms are applicable to me.

_____
Gregory J. Landry



## ASSIGNMENT OF '923 PATENT

Whereas, by assignment dated July 15, 2002, a copy of which is attached hereto as Exhibit 1, Gregory J. Landry (hereinafter "Landry") assigned all of his right, title and interest in and to an invention disclosed in United States Patent Application 10/198,470 unto Milford W. Lay Jr. (hereinafter "Lay").

Whereas, on or about September 9, 2003, United States Patent No. 6,615,923 B1 (hereinafter referred to as the '923 Patent and a copy of which is attached hereto as Exhibit 2), issued to Lay and Landry pursuant to United States Patent Application 10/198,470.

Whereas, by assignment dated December 9, 2003, a copy of which is attached hereto as Exhibit 3, Lay assigned all of his right, title and interest in and to the '923 Patent unto Drill String Services, Inc. ("DSSI").

NOW THEREFORE, for good and valuable consideration, the receipt of which is acknowledged, effective February 18, 2005, DSSI does by these presents assign all of its right, title and interest in and to said '923 Patent to Michael Dean Arning.

Executed this __2 1st__ day of __September__, 2005.

WITNESSES:                     DRILL STRING SERVICES, INC.

_Charlene Terangue_

_Joel W Aguispack_

BY: _____
MILFORD W. LAY, JR., ITS DULY
AUTHORIZED PRESIDENT

Sworn before me, Notary Public, in and for the Parish of _St Martin_, State of Louisiana, this ___9 1___ day of _Sept_, 2005.

_Stella Robichean_
NOTARY PUBLIC _10729_

## AVERMENT BY GREGORY J. LANDRY

Now appearing personally in the above Assignment of '923 Patent, for the limited purpose of declaring that no other assignments other than those identified above were made by him or are known to him, comes and appears GREGORY J. LANDRY who does by his signature below so declare.

WITNESSES:                                        GREGORY J. LANDRY

BY: _____
GREGORY J. LANDRY

Sworn before me, Notary Public, in and for the Parish of _St Martin_, State of Louisiana, this ___21___ day of _Sept_____, 2005.

_____
NOTARY PUBLIC _10729_

AVERMENT BY MILFORD W. LAY JR.

Now appearing personally in the above Assignment of '923 Patent, for the limited purpose of declaring that no other assignments other than those identified above were made by him or are known to him, comes and appears MILFORD W. LAY JR. who does by his signature below so declare.

WITNESSES:                                    MILFORD W. LAY JR.

BY: _____
MILFORD W. LAY JR.

Sworn before me, Notary Public, in and for the Parish of _St. Martin_, State of Louisiana, this ___21___ day of ___Sept___, 2005.

_____
NOTARY PUBLIC_10729_



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUBSEA INSTALLATION TEAM, INC. and MICHAEL ARNING | § § § | |
| Plaintiffs. | § § | |
| VS. | § § | CIVIL ACTION NO. H-03-4971 |
| | § § | |
| MILFORD LAY, Jr. and GREGORY J. LANDRY | § § § | |
| Defendants. | § § | |

## ACKNOWLEDGEMENT OF PREVIOUSLY EXECUTED MUTUAL RELEASE

WHEREAS on February 18, 2005, the parties to the above captioned lawsuit – Michael Arning, Subsea Installation Team, Inc., Milford Lay, Jr., Gregory J. Landry, Drill String Services, Inc. and Gerald Courville (collectively referred to herein as the "parties") – executed the "Settlement Agreement" appended hereto as Exhibit A.

NOW COME each of said parties who by these presents acknowledge the receipt and sufficiency of the consideration they have each received pursuant to said Settlement Agreement and that by these presents they hereby each acknowledge that the release provisions of said Settlement Agreement are effective as of February 18, 2005.

It is understood and agreed that this Acknowledgement of Previously Executed Mutual Release may be executed in a number of identical counterparts, each of which shall be deemed an original.

AGREED:

SUBSEA INSTALLATION TEAM, INC.

1

By: _____

Michael Dean Arning, Its duly authorized President

MICHAEL DEAN ARNING

By: _____

Michael Dean Arning, individually

DRILL STRING SERVICES, INC.

By: _____

Milford Lay, Jr., Its duly authorized President

MILFORD LAY, JR.

By: _____

Milford Lay, Jr., individually

GERALD COURVILLE

By: _____

Gerald Courville, individually

GREGORY J. LANDRY

By: _____

Gregory J. Landry, individually

2



# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| SUBSEA INSTALLATION TEAM, INC. and | § | |
| MICHAEL ARNING | § | |
|       Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-03-4971 |
| | § | |
| MILFORD LAY, Jr. and | § | |
| GREGORY J. LANDRY | § | |
|       Defendants. | § | |

## RELEASE

For consideration duly received, I, Gregory J. Landry, effective February 18, 2005, hereby release and discharge Subsea Installation Team, Inc. and Michael Arning, from any and all claims, demands or suits, known or unknown, fixed or contingent, liquidated or unliquidated whether or not asserted in the above case, as of this date, arising from or related to the events and transactions which are the subject matter of the above captioned case, as well as any and all other matters, claims, demands, etc. arising out of or related in any way to alleged acts, omissions or transgressions in the past, in whole or in part, including claims against customers, manufacturers, sellers, resellers and distributors for subsea temporary abandonment caps (hereinafter "TA caps") for TA caps purchased in the past, or other devices, including wash tools and wellhead clamps.

This release runs to the benefit of all attorneys, agents, employees, officers, directors, shareholders, partners, affiliates, suppliers, manufacturers, sellers, resellers, distributors, successors and assigns of Subsea Installation Team, Inc. and Michael Arning.

Executed this 2 1st day of September, 2005.


GREGORY J. LANDRY